UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00389

**Leonid Goldstein,**
*Plaintiff,*

v.

**Facebook, Inc.,**
*Defendant.*

## ORDER

Leonid Goldstein filed this civil action against Facebook, Inc., on August 28, 2019. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 3. On October 18, 2019, Facebook filed a motion to dismiss or transfer venue. Doc. 14. On May 26, 2020, Judge Mitchell entered a report and recommendation that Facebook's motion to dismiss be granted and that Goldstein's complaint be dismissed for failure to state a claim. Doc. 18. Goldstein filed an objection to the report and recommendation on June 9, 2020. Doc. 19. The portions of the magistrate judge's report and recommendation that discussed his claims against Facebook for aiding and abetting international terrorism and for copyright infringement are reviewed de novo on Goldstein's objections thereto, and the section in the report and recommendation that addressed his claim against Facebook for conspiracy to interfere with civil rights is reviewed for clear error upon no specific objection thereto. *See Nettles v. Wainwright*, 656 F.2d 986, 987 (5th Cir. 1981), *on reh'g*, 677 F.2d 404 (5th Cir. 1982) (objections must pinpoint specific portions of the report and recommendation); *Douglass v. United States Auto Ass'n*, 79 F.3d 1420 (5th Cir. 1996) (review only for clear error if no objections).

As indicated above, Goldstein's complaint attempts to state three claims against Facebook. The first claim, brought

under 18 U.S.C. § 2333(a), is for aiding and abetting international terrorism. 18 U.S.C. § 2333(a) establishes a civil remedy for a United States national who is "injured . . . by reason of an act of international terrorism." If the terrorist attack was executed by an organization that was officially designated as a foreign terrorist organization at the time of the attack, the victim may also sue any person who aided or abetted the attack. *Id.* § 2333(d)(2).

Goldstein concedes that he has not been injured in a terrorist attack. Doc. 15 at 14. His § 2333 claim stems from two terrorist attacks—one in Kenya and one in Sri Lanka—that he claims were aided and abetted by Facebook. *See* Doc. 1 ¶ 28. But he struggles to explain how these attacks inflicted an injury on him that is actionable under § 2333. His argument relies on a sponsored post that he published on Facebook reporting that the Obama administration ordered the FBI to halt an investigation into illegal drug trafficking by Hezbollah. *Id.* ¶ 12. Facebook included Goldstein's sponsored post in a public registry of political advertisements that had been published on the social media platform. *Id.* ¶¶ 13, 15. Goldstein claims that Facebook's inclusion of his sponsored post in its registry made him visible enough in the public eye to render him a potential target of terrorist attacks by Hezbollah, Hamas, and ISIS. *Id.* ¶ 22. Goldstein claims that, with his sponsored post in the Facebook registry, the terrorist attacks that Facebook aided and abetted prompted unnamed "third parties . . . to avoid hiring, contracting with, or otherwise do business with those who are perceived as potential targets of international terrorism, including Plaintiff." *Id.* ¶ 76. So Goldstein's claim is that the terrorist attacks injured him by causing unnamed individuals to disassociate themselves from him out of concern that he could be a target in future terrorist attacks. *See* Doc. 19 at 3. Goldstein also claims that, by including his post in the registry and aiding and abetting several terrorist attacks, Facebook forced him to spend money to protect himself from future terrorist attacks. Doc. 1 ¶ 78.

Under § 2333, a person is injured "by reason of" a terrorist act only if the terrorist act proximately caused the injury.

*Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 273 (D.C. Cir. 2018). A terrorist attack proximately causes an injury only if the injury is "reasonably foreseeable or anticipated as a natural consequence" of the attack. *Id.* at 275 n.11. The United States is full of people who comment and report on Hezbollah in the mass media from many perspectives and with as much or more visibility than Goldstein has. It is not a natural, proximate consequence of a foreign terrorist attack that any future commentator on the attack would experience alienation from business associates. Even if one assumes for the sake of argument that Facebook aided and abetted international terrorist attacks, and even if one assumes for the sake of argument that the terrorist attacks in fact led to the injuries that Goldstein claims, Goldstein's injuries would not have been foreseeable as a matter of law. Because Goldstein cannot establish that his claimed injuries were proximately caused by a terrorist act, his claim for aiding and abetting international terrorism fails.

Goldstein's second claim is for copyright infringement under 17 U.S.C. §§ 501, 504-05. As Judge Mitchell indicated, absent two exceptional circumstances that do not apply in this case, a plaintiff may not sue for copyright infringement unless the copyrighted material has been registered. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888 (2019) (citing 17 U.S.C. § 411(a)). Goldstein does not claim that he registered copyrights for the materials as to which he claims infringement. *See* Doc. 19 at 4. Therefore, his copyright-infringement claim fails.

Regarding his claim for copyright infringement, Goldstein also invokes 15 U.S.C. § 1125(a). Doc. 1 ¶ 87. This statute provides for a civil remedy against:

> "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--(A) is likely to cause confusion, or to cause mistake, or to

> deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities."

15 U.S.C. § 1125(a)(1). Goldstein does not identify any deceptive or misleading device that could have given rise to liability under § 1125(a). Therefore, to the extent that Goldstein attempts to state a claim under § 1125(a), this claim fails.

Goldstein's final claim against Facebook is for conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985(3). Goldstein did not specifically object to the magistrate judge's recommendation that this claim be dismissed, and no clear error is found in that recommendation.

For the reasons stated above, the magistrate judge's report and recommendation (Doc. 18) is **adopted**. Facebook's motion to dismiss (Doc. 14) is **granted**. This case is **dismissed with prejudice**. Any outstanding motions are **denied as moot**. The clerk of court is **directed** to close this case.

*So ordered by the court on August 12, 2020.*

J. CAMPBELL BARKER
United States District Judge